983 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Luz Dary OSPINA-BORJA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-3831.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1992.
 
 Before ALAN E. NORRIS and SILER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and brief of the petitioner, this panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Ospina-Borja came to the United States from Columbia with her employer. She stayed, obtained a divorce from her Columbian husband in 1978 and married a U.S. citizen in 1979. She became a permanent resident in 1980 and her ten-year old son immigrated to this country in 1981. She divorced again in 1982. In 1989, she pled guilty to possession with intent to distribute cocaine and was sentenced to 60 months imprisonment and 3 years supervised release. Her expected release date of October 13, 1992, indicates that she was required to serve approximately 3 years and 8 months in prison.
 
 
 3
 In May of 1991, an order to show cause was issued charging Ospina-Borja with deportability based upon the conviction. Counsel for Ospina-Borja filed an application for relief under Section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). The immigration judge considered testimony from Ospina-Borja, her son who was then in his 20's, and her sister. The immigration judge ordered her deported to Columbia.
 
 
 4
 She appealed to the Board of Immigration Appeals (BIA). The BIA thoroughly reviewed the transcript and the record. It determined that Section 212(c) relief was not merited because adverse factors including her criminal history overcame the positive equities.
 
 
 5
 Luz Dary Ospina-Borja has filed a petition for review of the BIA's decision affirming the immigration judge's order denying Ospina-Borja's application for waiver of excludability and ordering her deported. In her appellate brief, she states her arguments as follows: 1) the BIA entered its decision without a rational explanation and departed from established policies; 2) the BIA based its decision upon invidious discrimination and without consideration of the humane and social factors; and 3) the BIA abused its discretion and violated her rights to serve the supervised release portion of her sentence in the United States.
 
 
 6
 An abuse of discretion standard of review is applied to a BIA's order of deportation. Review is limited to whether the discretion was actually exercised and whether it was exercised in an arbitrary or capricious manner. The court can reverse the BIA's decision only if the BIA failed to support its conclusions with a reasoned explanation based upon legitimate concerns. Akinyemi v. INS, 969 F.2d 285, 288 (7th Cir.1992); Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991).
 
 
 7
 Although the petitioner is eligible for a waiver of deportation under Section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c), such waiver is discretionary and based upon a balancing of the social and humane considerations in the alien's favor against any adverse factors that demonstrate undesirability as a permanent resident. Akinyemi, 969 F.2d at 288. Such a balancing was made in the BIA's decision denying waiver of deportation. This court does not have the authority to determine the weight to afford each factor. Cordoba-Chaves v. INS, 946 F.2d 1244, 1246 (7th Cir.1991). The BIA entered a lengthy decision explaining the factors it considered and it does not appear to have abused its discretion in its consideration of such factors.
 
 
 8
 Petitioner argues that the supervised release portion of her sentence cannot be waived and that she must serve that portion of the sentence before she can be deported. Although she raised such matter to the BIA, it was not addressed in its decision. However, an alien who is released from prison is treated as one who has only just arrived in this country. 8 U.S.C. § 1182(d)(5)(A); Alvarez-Mendez v. Stock, 941 F.2d 956, 962 (9th Cir.1991), cert. denied, 61 USLW 3258 (1992). Therefore, the supervisory release portion of the sentence appears to be waivable if the person is released from prison and deported.
 
 
 9
 It is ORDERED that the BIA's order denying waiver of deportation be, and it hereby is, affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.